**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

ALFREDO T. MUNOZ,
ADC #114451                                                                                          PLAINTIFF

V.                                            4:14CV00667-JM-JTK

WARDEN HARMON, et al.                                                                          DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District

Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## DISPOSITION

### I.    Introduction

Plaintiff is a state inmate incarcerated at the Tucker Unit of the Arkansas Department of Correction (ADC). He filed this pro se action pursuant to 42 U.S.C. § 1983, alleging deliberate indifference to his serious medical needs in violation of his Eighth Amendment rights, by kitchen supervisor, Defendant Lakita Fonville.[1] Plaintiff asks for monetary relief from the Defendant.

This matter is before the Court on Defendant Fonville's Motion to Dismiss (Doc. No. 15), to which Plaintiff has filed a Response (Doc. No. 18).

In his Complaint, Plaintiff alleges that on March 29, 2011, Defendant Fonville required him to report to work at his kitchen job, despite a medical script excusing him due to an ankle injury (Doc. No. 1, p. 6). As a result, Plaintiff suffered pain and additional damage to his ankle. (Id.)

### II.   Motion to Dismiss

FED.R.CIV.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the

---

[1] Defendants Harmon, Hurtz, King, Schock, Peppers-Davis, and Huff were dismissed on February 26, 2015 (Doc. No. 12).

2

pleader is entitled to relief." In <u>Bell Atlantic Corporation v. Twombly</u>, 550 U.S. 544, 555 (2007) (overruling <u>Conley v. Gibson</u>, 355 U.S. 41 (1967), and setting a new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," <u>citing</u> 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face. <u>Twombly</u>, 550 U.S. at 570. <u>See</u> <u>also</u> <u>Robbins v. Oklahoma</u>, 519 F.3d 1242 (10th Cir. 2008).

Defendant asks the Court to dismiss on several grounds, including statute of limitations, official capacity immunity, and failure to state a claim. Having reviewed the parties' submissions, the Court finds Plaintiff's Complaint should be dismissed, as barred by the statute of limitations.

While § 1983 itself does not contain a limitations provision, the United States Supreme Court has instructed courts to apply the most analogous state statute of limitations to claims made under these provisions. <u>Wilson v. Garcia</u>, 471 U.S. 261, 266-68 (1985). <u>See</u> <u>also</u> <u>Bell v. Fowler</u>, 99 F.3d 262, 266 (8th Cir. 1996). Actions filed pursuant to this statute are construed as personal injury claims and are governed by the personal injury statute in the state where the injury occurred. <u>Morton v. City of Little Rock</u>, 934 F.2d 180, 182 (8th Cir. 1991). In Arkansas, the personal injury statute of limitations period is three years. ARK. CODE ANN. § 16-56-105(3).

In this particular case, Plaintiff does not dispute that the incident at issue in his Complaint occurred on March 29, 2011, or that he did not file his Complaint until November 13, 2014, more than three years after the incident (Doc. No. 18). However, he appears to claim that the statute does

not apply because he continues to suffer effects from the injuries he received on that date. (Id., p. 2) Yet, the fact that he alleges present effects of the 2011 incident does not negate the fact that his claim is based on Defendant's acts on that specific date of March 29, 2011; therefore, the Court finds that the statute of limitations began to run on that date and the present Complaint was not timely filed within three years.

**III.     Conclusion**

 IT IS, THEREFORE, RECOMMENDED that:

 1. Plaintiff's Complaint be DISMISSED with prejudice, as frivolous.[2]

 2. Dismissal of this action constitute a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[3]

 3. The Court certify that an in forma pauperis appeal from an Order and Judgment dismissing this action would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

 IT IS SO RECOMMENDED this 1st day of April, 2015.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[2] "Although the statute of limitations is an affirmative defense, a district court may properly dismiss an *in forma pauperis* complaint [as frivolous] under 28 U.S.C. § 1915(d) when it is apparent the statute of limitations has run." Myers v. Vogal, 960 F.2d 750, 751 (8th Cir. 1992).

[3] The statute provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.